UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HEALTHY GULF, et al.,

    *Plaintiffs,*

v.

DEBRA A. HAALAND, et al.,

    *Defendants.*

Case No. 1:23-cv-02487-APM

**PLAINTIFFS' RESPONSE TO CHEVRON U.S.A. INC.'S
MOTION FOR LEAVE TO INTERVENE AS A DEFENDANT**

    Pursuant to Civil Local Rule 7, Plaintiffs Healthy Gulf, *et al*. (collectively, "Plaintiffs") hereby respond to the motion for leave to intervene as a defendant filed on November 9, 2023, by Chevron U.S.A. Inc. ("Chevron"), Dkt. No. 21 ("Motion"). Plaintiffs do not oppose this Motion, but as noted in the intervention motion filed on the same day by the American Petroleum Institute ("API"), Dkt. No. 25, Plaintiffs respectfully request that the Court require joint briefing for these proposed intervenors to foster the timely and efficient resolution of this case. This is the same condition that the Court has already imposed in the related case, *see* Minute Order, *Healthy Gulf v. Haaland*, Case No. 1:23-cv-00604-APM (May 8, 2023).

    The Supreme Court has established that "[a]n intervention of right under the amended rule [24(a)] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (alteration in original) (quoting Advisory Committee Notes on Fed. Rule Civ. Proc. 24, 28 U.S.C. App., p. 567). As such, courts in this

1

district regularly "impose appropriate conditions or restrictions upon the intervenor's participation in the action … to ensure the fair, efficacious, and prompt resolution of the litigation." *Red Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 6 (D.D.C. 2021) (citations omitted); *see Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13, 20 (D.D.C. 2010) (finding that "[e]ven where intervention is a matter of right, district courts may impose appropriate conditions or restrictions upon the intervenor's participation in the action" and citing cases). The same is true for permissive intervention. *See Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt. Inc.*, 205 F.R.D. 1, 7 (D.D.C. 2000) (holding that "[a] court may place conditions on permissive interventions in order to minimize the delay and prejudice to the existing parties"). This Court's discretion to impose reasonable conditions on intervention is consistent with its "inherent power to manage the litigation before it, as well as a necessary instrument in accommodating the two conflicting goals of intervention: *i.e.*, 'to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.'" *Salazar*, 272 F.R.D. at 13 (citations omitted).

      Here, Plaintiffs simply ask the Court to require that Chevron and API file joint briefs as defendant-intervenors in this action. As acknowledged in the motions, Chevron is a member of API, and both Chevron and API have similar interests as bidders on leases offered by Federal Defendants in Lease Sale 261. *See* Dkt. No. 21 at 10-13; Dkt. No. 25 at 5-7, 13. Although Chevron may represent a narrower set of interests than API, it has failed to explain the need for an entirely separate brief to respond to Plaintiffs' arguments. *See* Dkt. 21 at 16-17. A condition requiring joint briefing would provide an equitable and adequate way for Chevron and API to represent their interests in this case while avoiding the problems of excessive or extraneous

briefing. *See, e.g.*, *Earthworks v. U.S. Dep't of the Interior*, Civ. A. No. 09-01972 (HHK), 2010 WL 3063139, at *2 (D.D.C. Aug. 3, 2010) ("In order to prevent excessive briefing in this case, however, the Associations must submit joint motions and memoranda with the existing Intervenors."); *Salazar*, 272 F.R.D. at 20–21 (imposing page limits and consolidating briefing ensures "fair, efficacious, and prompt resolution of the litigation," and "prevent[s] the single lawsuit from becoming fruitlessly complex or unending").

In sum, requiring joint briefing by proposed intervenors will serve both the purposes of intervention and help ensure the efficient resolution of this action.

Respectfully submitted this 17th day of November, 2023.

/s/ George Torgun
George Torgun (*pro hac vice*)
EARTHJUSTICE
50 California St., Suite 500
San Francisco, CA 94111
415-217-2000 Telephone
415-217-2040 Fax
gtorgun@earthjustice.org

Stephen D. Mashuda (DC Bar No. WA0005)
EARTHJUSTICE
810 Third Ave., Suite 610
Seattle, WA 98104
206-343-7340 Telephone
415-217-2040 Fax
smashuda@earthjustice.org

*Attorneys for Plaintiffs Healthy Gulf, Bayou City Waterkeeper, Friends of the Earth, and Center for Biological Diversity*

/s/ Kristen Monsell
Kristen Monsell (DC Bar No. CA00060)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Ste. 800
Oakland, CA 94612

510-844-7137 Telephone
510-844-7150 Fax
kmonsell@biologicaldiversity.org

*Attorney for Plaintiff Center for Biological Diversity*

<u>/s/ Thomas Zimpleman</u>
Thomas Zimpleman (DC Bar No. 1049141)
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th St., Suite 300
Washington, DC 20005
202-513-6244 Telephone
tzimpleman@nrdc.org

Julia K. Forgie (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
1314 Second St.
Santa Monica, CA 90401
310-434-2351 Telephone
jforgie@nrdc.org

Irene Gutierrez (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St., 21st Floor
San Francisco, CA 94104
415-875-6187 Telephone
igutierrez@nrdc.org

Melanie D. Calero (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
40 W. 20 Street
New York, NY 10011
212-727-4546 Telephone
mcalero@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*

/s/ Devorah Ancel
Devorah Ancel (*pro hac vice*)
SIERRA CLUB
PO Box 4998
Austin, TX 78765
415-845-7847 Telephone
303-449-6520 Fax
devorah.ancel@sierraclub.org

*Attorney for Plaintiff Sierra Club*